Submitted on briefs November 3, affirmed November 9, 1920.

# EMMETT v. ASTORIA MARINE IRON WORKS.

## (192 Pac. 1113.)

**Trial—Instructions Need not be Repeated on Request.**

1. Where the law as set out in requests was fully covered by instructions given, the requests were properly refused.

**Sales—Requested Instruction, Disregarding Issue of Acceptance, Properly Refused.**

2. In an action for the price of goods sold and delivered to defendant, instruction by defendant, disregarding the fact that it was alleged in plaintiff's reply, and that there was evidence submitted to the jury tending to prove that defendant had accepted the goods and used part of them, was properly refused as misleading.

**Corporations—Ratification of Unauthorized Acts of President Relates Back.**

3. A ratification by the principal of the unauthorized acts of its president would relate back to the original transaction, and establish the agency of the president for it.

From Clatsop: JAMES A. EAKIN, Judge.

In Banc.

This is an action for the recovery of the purchase price of goods, wares and merchandise which plaintiff alleges he sold and delivered to defendant at its special instance and request. Defendant denies that it purchased any goods from plaintiff, and alleges that its president, at the request of plaintiff, undertook to aid him in disposing of certain plumbing supplies to the Emergency Fleet Corporation, but that his efforts were unavailing, and that the goods are still in defendant's warehouse, subject to plaintiff's disposal. The reply denies the affirmative matter of the answer, and proceeds to plead a mass of evidentiary facts. There was a jury trial, resulting in a verdict and judgment for plaintiff, from which defendant appeals.    AFFIRMED.

For appellant there was a brief submitted over the name of *Mr. James L. Hope.*

For respondent there was a brief prepared and submitted over the name of *Messrs. Mathison & Robison.*

BENSON, J.—The assignments of error challenge the rulings of the trial court in refusing to give to the jury four requested instructions.

1. Regarding the first three of these requested instructions, it is sufficient to say that the law, as set out therein, was fully covered by the instructions which were given by the court.

2, 3. The fourth charge which was refused by the court reads thus:

"If you find from the evidence that Mr. Viggers told the plaintiff that he had authority to purchase the goods, and you further find from the evidence that Mr. Viggers did not have such authority, yet this fact in itself would not make the defendant liable. It is the law that an agent may be personally liable for his acts, when he does something beyond his authority, but that would not make the firm with which he was connected liable for his acts. In this case Mr. Viggers might be personally liable to the plaintiff, if he told the plaintiff he had authority to purchase the goods, and you further find that he did not have such authority, yet the Astoria Marine Iron Works would not be liable under such a set of facts."

This statement, while somewhat vague and uncertain in its phrasing, contains a partial statement of the law; but it disregards the fact that it is alleged in plaintiff's reply, and that there was evidence submitted to the jury, tending to prove that the defendant corporation had accepted the goods, had exercised acts of ownership thereof, and had actually used at least a portion of the goods in its business. This evi-

dence, of course, tended to show a ratification by the defendant of the alleged acts of its president in undertaking to purchase the supplies. A ratification by the principal of the ·unauthorized acts of its president would relate back to the original transaction, and establish the agency, and hence the requested charge would be misleading, and could not be properly given to the jury, without further instructing as to the effect of a ratification. The request · was therefore properly refused.

Finding no substantial error in the record, the judgment is affirmed.        AFFIRMED.